IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

ERIC CARDWELL AND
CAROLINA CASUALTY INSURANCE COMPANY
AS SUBROGEE OF A & B TREE SERVICE, LLC                     PLAINTIFFS

VERSUS                                                     NO. 3:19-cv-527-DPJ-FKB

ALTEC, INC.
AND JOHN DOES 1 – 4                                        DEFENDANTS

## COMPLAINT

COME NOW Plaintiffs, by and through counsel, and file this Complaint against the Defendants, as follows:

### PARTIES

1. Plaintiff, Eric Cardwell, is an adult resident citizen of Florence, Rankin County, Mississippi.

2. Plaintiff, Carolina Casualty Insurance Company, is an Iowa corporation with its principal place of business at 11201 Douglas Avenue, Urbandale, Iowa 50322.

3. Defendant, Altec, Inc., is an Alabama corporation with its principal place of business at 210 Inverness Center Drive, Birmingham, Alabama 35242. Altec may be served with process through its registered agent, Christopher B. Harmon, 210 Inverness Center Drive, Birmingham, Alabama 35242. At all pertinent times, Altec was regularly engaged in business and doing business in the State of Mississippi and may be found doing business therein.

4. Defendants, John Does 1 - 4, are any unknown entities which may be liable to Plaintiffs for damages, as designers, manufacturers or marketers of any of the subject products.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and Defendants under 28 USC

Section 1332 because there is complete diversity of citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

6. Venue is proper under 28 USC Section 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Southern District of Mississippi, Northern Division, specifically, Rankin County, Mississippi.

## FACTS

7. At all times pertinent hereto, Defendants were engaged in the business of designing, manufacturing, distributing, marketing, selling and servicing bucket trucks and equipment, including, in particular, a truck owned by A & B Tree Service, LLC, Altec Model AM855, serial number 0696BB0550, bearing VIN 1FV2JLBB3VH748230 ("the Altec vehicle" or "the products").

8. On August 1, 2016, Eric Cardwell was in Rankin County, Mississippi, working in the scope and course of his employment with A & B Tree Service.

9. At that time, Carolina Casualty provided workers compensation insurance to A & B.

10. On August 1, 2016, Cardwell was in the bucket of the Altec vehicle. While in the bucket the products, including the lower boom lift cylinder, failed.

11. As a result of the failure the bucket holding Cardwell fell and Cardwell was injured.

12. Prior to August 1, 2016, Defendants knew, or should have known of the defective condition of the products. However, Defendants failed to recall or remedy the problems with the products and/or notify owners of the products.

13. After August 1, 2016, Altec issued a nationwide recall for the products, including the lower boom lift cylinder.

14. The recall acknowledged the lower boom lift cylinder was improperly designed or

manufactured.

15. The recall acknowledged that because of the improper design or manufacture of the lower boom lift cylinder, the products could fail, as described herein.

16. Altec admitted that failure of the lower boom lift cylinder could cause death or serious injury.

## CAUSES OF ACTION

3. At the time the products left the control of Defendants, the products were:

   a. Defective because they deviated in a material way from Defendants' design specifications or from otherwise identical units manufactured to the same manufacturing specifications;

   b. Defective because they failed to contain adequate warnings or instructions;

   c. Designed in a defective manner; and/or

   d. The products breached an express warranty or failed to conform to other express factual representations upon which Plaintiffs justifiably relied in electing to use the products.

18. The defective conditions of the products rendered the products unreasonably dangerous to users/consumers, including Cardwell.

19. The defective and unreasonably dangerous condition of the products proximately caused the damages sought herein.

20. The aforementioned defects were not caused by any act or failure to act on the part of Cardwell or A & B.

21. The aforementioned defects were not caused by inherent characteristics of the products.

22. Ordinary users or consumers, including Cardwell and A & B, did not know and had no reason to know of the dangerous condition of Defendants' products.

23. The products failed to function as expected and there are feasible design alternatives that would have rendered the products safe.

24. The products were unreasonably dangerous and breached implied warranties as described herein.

25. The actions/inactions of Defendants described herein constitute negligence and gross negligence, evidencing a willful, wanton or reckless disregard for the safety of others. Accordingly, Plaintiffs are entitled to an award of punitive damages.

## DAMAGES

26. But for Defendants' negligence and other causes of action described herein, Plaintiffs would not have suffered injuries and damages

27. As a direct and proximate cause of the negligence and other conduct of Defendants, Cardwell sustained numerous injuries and incurred medical treatment and expenses.

28. Cardwell's damages consist of: (a) past and future medical treatment; (b) physical pain; (c) disability; (d) emotional and mental anguish; (e) past and future lost wages; (f) loss of earning capacity; and (g) loss of enjoyment of life.

29. Under Mississippi law, Carolina Casualty has and continues to pay workers compensation benefits to Cardwell as a direct and proximate result of his injuries. Carolina Casualty is subrogated to the rights of A & B to recover damages from Defendants to the extent of benefits provided to Cardwell.

30. Carolina Casualty has a statutory right under Mississippi Code Annotated Section 71-3-71 to seek reimbursement of the benefits it has paid or will pay, which resulted in whole or part from Defendants' tortious conduct.

31. As of the filing of this Complaint, Carolina Casualty has paid workers compensation benefits to Cardwell of an amount greater than $60,410.40.

32.     Based on Defendants' gross negligence, Plaintiffs are also entitled to an award of punitive damages as well as costs and attorneys fees.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants in an amount to be determined by the jury plus punitive damages with all expenses, fees and costs, pre-judgment and post-judgment interest, or other such relief that may be just and proper, in a total amount exceeding $75,000. Plaintiffs demand a trial by jury.

THIS the 29th of July, 2019.

Respectfully submitted,

/s/ Paul Blake

PAUL P. BLAKE, MSB #102478
MCANGUS GOUDELOCK & COURIE LLC
1020 Highland Colony Pkwy, Suite 706 (39157)
Post Office Box 2955
Ridgeland, MS 39158
(601) 427-7517 (direct)
(601) 510-9525 (Fax)
paul.blake@mgclaw.com
Attorney for Plaintiffs